IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

      Plaintiff,                    No. CIV S-09-3174 MCE CKD P

   vs.

FRENCH, et al.,

      Defendants.         <u>ORDER</u>

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This case proceeds on the First Amended Complaint ("FAC") filed on July 8, 2010. (Dkt. No. 12.) Defendants have filed an answer and discovery is closed. (Dkt. Nos. 21, 23; <u>see also</u> Dkt. No. 32 (revised scheduling order).) This order addresses two recent filings by plaintiff.

I. <u>Second Amended Complaint</u>

      On August 1, 2011, plaintiff filed a second amended complaint. (Dkt. No. 36.)

      The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading

1

only with the opposing party's written consent or the court's leave. The court should freely give leave where justice so requires." <u>Id</u>.; <u>see</u> also E.D. Local Rule 220. Although the allegations of a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Here, plaintiff has not secured the opposing parties' written consent for filing a second amended complaint. Having reviewed the amended pleading, the court concludes that justice does not require leave to amend in this instance. As discussed below, plaintiff will be afforded relief for the fact that, through no fault of his own, the FAC was not served on two of the four defendants for whom service was appropriate. However, this action will continue to proceed on the FAC.

II. <u>Service on David and Holmes</u>

Petitioner has also filed a motion requesting that the court "send [him] the disposition on [defendants] David and Holmes being served process." (Dkt. No. 40.) A review of the docket indicates as follows:

Plaintiff filed the original complaint in this action on November 16, 2009. (Dkt. No. 1.) On April 28, 2010, the court issued an order stating that service was appropriate for defendants David and Holmes. (Dkt. No. 7.) On July 9, 2010, plaintiff submitted service documents for these defendants. (Dkt. No. 14.)

However, plaintiff also filed an amended complaint on July 8, 2010. (Dkt. No. 12.) On July 23, 2010, the court issued an order stating that service of the FAC was appropriate for defendants David, Holmes, Miller and French. The court stated that it would "hold the USM forms for David and Holmes until plaintiff returns" service documents for the other two defendants. (Dkt. No. 15.) On September 1, 2010, plaintiff submitted service documents for Miller and French. (Dkt. No. 18.) However, when the court ordered service of the FAC on September 8, 2010, it ordered service only on French and Miller, and not the remaining two

defendants for whom service forms had been submitted: David and Holmes. (Dkt. No. 19.) Thus, due to a court error, defendants David and Holmes were never served with the amended complaint.[1]

Accordingly, despite the fairly advanced stage of the litigation as to defendants Miller and French, the court must vacate any existing deadlines and effect service on defendants David and Holmes. The clerk of court has prepared updated service documents as to these defendants, attaching the FAC. (See Order Directing Service, filed concurrently herewith.)

Accordingly, IT IS HEREBY ORDERED THAT:

1. This action will continue to proceed on the First Amended Complaint (Dkt. No. 12);

2. Plaintiff's September 1, 2011 motion for disposition (Dkt. No. 40) is granted; and

3. All upcoming deadlines in this case are vacated pending service (or attempted service) on defendants David and Holmes. The court will reset deadlines for all parties at a future date.

Dated: September 7, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[2]
jone3174.ord

---

[1] On August 17, 2011, the clerk of court denied plaintiff's request to enter default judgment against David and Holmes, explaining that there exists no proof of service indicating that these defendants were ever served. (Dkt. No. 38.)