IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

     Plaintiff,                    No. 2:09-cv-3174 MCE CKD P

    vs.

A. DAVID, et al.,

     Defendants.          ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is plaintiff's July 12, 2012 motion to compel discovery as to defendant David. (Dkt. No. 72.) David has filed an opposition, and plaintiff has filed a reply. (Dkt. Nos. 73, 74.)

        The April 3, 2012 scheduling order in this action states that "[a]ll requests for discovery . . . shall be served not later than sixty days prior to" June 29, 2012. (Dkt. No. 64.) On May 29, 2012, one month after the deadline, plaintiff served requests for interrogatories on defendant David. (Dkt. No. 73 at 5 (Decl. of D. Chinn).) On June 26, 2012, defendant served responses objecting that plaintiff's requests were untimely served. (Dkt. No. 72 at 5-8; Decl. of D. Chinn.) On July 9, 2012, plaintiff constructively filed the instant motion to compel, which was docketed three days later. (Dkt. No. 72.)

1

In his motion, plaintiff states that he "inadvertently miscalculated" the discovery deadline, causing him to serve discovery requests on David one month late. (Dkt. No. 72 at 3.) In his reply, he asserts that "ongoing retaliation and reprisals" by prison officials, coupled with "the large workload of civil actions plaintiff is currently litigating," caused him to miscalculate the deadline. (Dkt. No. 74 at 8.) Defendant argues that, if plaintiff's motion is construed as a motion to modify the schedule under Rule 16 of the Federal Rules of Civil Procedure, plaintiff has failed to show the requisite good cause. (Dkt. No. 73 at 2-3.)

Despite his pro se status, plaintiff is not entitled to any latitude for the untimeliness. See Fingerhut Corp. v. Ackra Direct Mktg. Corp., 86 F.3d 852, 856–57 (8th Cir. 1996) (stating that pro se representation does not excuse a litigant from complying with court orders); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991) (explaining that courts should liberally construe pro se plaintiffs' legal arguments and strictly construe their compliance with procedural requirements); see also Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008–09 (9th Cir. 1986) (noting that pro se plaintiffs must follow the rules of the court). Here, plaintiff admittedly served discovery requests on defendant David thirty days late.

A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). Setting aside his vague and conclusory statement that prison officials somehow impeded him, plaintiff has not shown that he was diligent in preparing and serving discovery requests on defendant David. The fact that plaintiff was litigating multiple cases suggests a reason why he was not diligent, but does not itself show diligence. As plaintiff has not satisfied the good cause requirement for modification of the schedule, his motion to compel will be denied.

////

////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's July 12, 2012 motion to
2 compel (Dkt. No. 72) is denied.

Dated: August 17, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUGDE

2
jone3174.mtc